• ORIGINAL PETITION •

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]



RECEIVED
12/1/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

NG

# PETITION FOR WRIT OF HABEAS CORPUS
## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### PERSONS IN FEDERAL CUSTODY

**1:20-CV-7094**

_Cowarna Latrice Patterson_
(Full name under which convicted)
PETITIONER

_#R39845_
(Prisoner number)

v.

_Terri Kennedy_
(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)
Respondent.

Case No:_____
(To be supplied by Clerk)

If petitioner is serving a sentence under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: __17th Judicial Circuit, Winnebago County, Illinois__.

2. Date of judgment of conviction: __April 10, 2003__.

3. Length of sentence: __20 years__.

4. Nature of offense involved (all counts with indictment number of each, if known): __First Degree Murder; Case no. 02CF2328__

5. What was your plea? (Check one)
   - (A) Not Guilty (X)
   - (B) Guilty ( )
   - (C) Nolo Contendere ( )

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   __N/A__

6. Kind of trial: (Check one)
   - (A) Jury (X)
   - (B) Judge only ( )

7. Did you testify at trial?

   Yes (X)    No ( )

8. Did you appeal from the judgment of conviction or imposition of sentence?

   Yes (X)    No ( )

   (A) If you did appeal, answer the following:

   (1) Name of court: __Appellate Court, 2nd District__

2

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

    (2)    Result: _Conviction was affirmed_

    (3)    Date of result: _September 8, 2005_

    (4)    Issues raised: _ineffective assistance of counsel_

9. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions pursuant to 28 U.S.C. § 2255 with respect to this judgment in any federal court?

    Yes ( )    No (X)

10. If your answer to question (9) was YES, give the following information:

  (A)  (1)  Name of court: _N/A_

       (2)  Nature of proceeding: _N/A_

       (3)  Grounds raised: _N/A_

       (4)  Did you receive an evidentiary hearing on your petition, application or motion?

          Yes ( )  N/A  No ( )

       (5)  Result: _N/A_

       (6)  Date of result: _N/A_

  (B)  As to any second petition, application, or motion, give the same information.

       (1)  Name of court: _N/A_

       (2)  Nature of proceeding: _N/A_

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

      (3)    Grounds raised: _____
                                      N/A

      (4)    Did you receive an evidentiary hearing on your petition, application or motion?

                Yes ( )    No ( )  N/A

      (5)    Result: N/A

      (6)    Date of result: N/A

(C)    As to any third petition, application, or motion, give the same information.

      (1)    Name of court: N/A

      (2)    Nature of proceeding: N/A

      (3)    Grounds raised: N/A

      (4)    Did you receive an evidentiary hearing on your petition, application or motion?

                Yes ( )    No ( )  N/A

      (5)    Result: N/A

      (6)    Date of result: N/A

(D)    Did you appeal the result to the federal appellate court having jurisdiction?

      (1)    First petition, etc.    Yes ( )  No ( )
      (2)    Second petition, etc.  Yes ( )  No ( )  N/A
      (3)    Third petition, etc.   Yes ( )  No ( )

(E)    If you did **not** appeal from the adverse action on any petition, application, or motion, explain briefly why you did not:

                                      N/A

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

11. If you did not file a motion under Section 2255 of Title 28 United States Code, or if you filed such motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

N/A

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same. You should raise in this petition all available grounds for relief which relate to the conviction under attack. Failure to do so may bar you from presenting additional grounds at a later date.

(A) Ground one: *Statute(s) under which I am sentenced are unconstitutional*
Supporting **FACTS** (tell your story briefly without citing cases or law):

This Honorable Court should allow my petition in order to resolve this federal question of law and legislative intent. Thus, being that the two laws that govern my sentence (TIS and MSR) are unconstitutional as applied to me, my sentence (20 years, plus 3 years MSR) should therefore be considered a void judgment and "Challenges to void judgments may be raised at any time, irrespective of principle of waiver."

I am sentenced under the Truth-in-Sentencing Act (TIS), which mandates that I serve the entirety of my court-imposed 20 year sentence. At the completion of my full term, I will then be statutorily obligated to carry out 3 additional years in the custody of IDOC on MSR (mandatory supervised release). While these two laws that govern my sentence pose no constitutional violation while standing alone, when consolidated they ultimately infringe upon my constitutional guarantee to Equal Protection of the law for the reasonings →

5

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

that I will set forth in Ground 2, 3, and 4.

(B) Ground two: *Equal Protection Clause.*
Supporting **FACTS** (tell your story briefly without citing cases or law):

My constitutional right to equal protection of the law is being violated because I am being treated in a dissimilar manner than offenders that are similarly situated. The reason being: Offenders who were sentenced to first-degree murder prior to February 1, 1978 and up until June 19, 1998 have (or) will serve 50% of their court imposed sentence. Subsequently, upon their release they will serve a 3 year term of MSR; that MSR term will not exceed the offender's sentence of commitment to IDOC that the court imposed. Whereas, I will serve 100% of my sentence and then go on to serve a 3 year term of MSR; however, my MSR term will exceed the 20 year sentence that the court imposed upon me. If offenders that have been convicted of first degree murder like myself will be completely liberated after fulfilling their term of commitment to IDOC, it is a blatant constitutional violation of the equal protection clause if I am not discharged from IDOC's custody once I have reached my max-out date (my term of commitment to IDOC).

(C) Ground three: *Legislative Intent*
Supporting **FACTS** (tell your story briefly without citing cases or law):

In 1978 (24 years prior to my sentencing), when Illinois' MSR scheme was drafted, legislators could not have contemplated an individual like myself who is serving 100% of a court imposed sentence, due to the fact that a sentence being served in its entirety was unprecedented. As afore mentioned, up until 1998 all offenders of the law were only obligated to serve a fraction (50%) of their sentence, which allowed MSR to be within the bounds of the sentence that the court rendered. Therefore, legislators drafted MSR provisions based upon the sentencing scheme that was in effect at the time. Legislators did not have the foreknowledge that 20 years after—

6

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

MSR provisions were created that the truth-in-sentencing law would be birthed. Thus, when truth-in-sentencing was enacted in 1998, MSR provisions should have been amended so that MSR would not surpass an offender's term of commitment. Legislators draft laws that subject each Class of offenders to similar punishment. If I am serving time beyond my court-imposed sentence on MSR, while offenders in my same Class are serving significantly less time in IDOC's custody (MSR within their sentence), --- Then clearly, it was not the legislators intent that I would serve a term of commitment to IDOC beyond the 20 years that was imposed upon me.

(D) Ground four: •Future confinement•
Supporting **FACTS** (tell your story briefly without citing cases or law):

My 20 year sentence of commitment (max-out date) to IDOC will be fulfilled on August 12, 2022. In general, offenders of the law who are not subject to truth-in-sentencing, serve a fraction of their sentence (50%) before they are released on mandatory supervised release (MSR). If by chance an offender violates the conditions of his or her parole, that offender will be detained and reincarcerated to carry out the duration of their commitment to IDOC. However, if my parole is revoked due to a violation of some sorts, I will have already served my sentence in its entirety (100%). Unlike the offenders who merely served 50% of their sentence, no time on my sentence will remain. Thus, it will be unlawful to detain and reincarcerate me because I will have already completed my term of commitment to IDOC. In remedy of illegal future confinement, my 3 year term of MSR would have to be eliminated (or) my sentence would have to be amended (17 years, plus 3 years MSR) to ensure that I am discharged completely from IDOC's custody on my max-out date. The time that I spend in IDOC's custodial care (MSR included) should not exceed August 12, 2022. Any period beyond that date will infringe upon my right to due process.

*GROUND 5 cont. on next page*

13. Has any ground set forth in question (12) been previously presented to this or any other federal court by way of petition for habeas corpus, motion under Section 2255 of Title 28, United States Code, or any petition, motion or application.

   Yes ( )        No (X)

14. If you answered **"YES"** to question (13), state briefly what grounds were previously presented, and name the proceedings in which each ground was raised:

   N/A

7

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

- Question 12 continued...
    (E) Ground Five: <u>All state remedies are exhausted</u>

On October 4, 2017 I filed a pro se motion for leave to file a successive post-conviction petition in the circuit court of Winnebago county addressing the issue that I am now raising. The motion was denied by the Honorable Brendan A. Maher on December 19, 2017.

I then filed a timely notice of appeal on January 8, 2018. During my appellate proceedings I acted as my own counsel.

On April 1, 2020 a Summary Order was filed which affirmed the judgment of the circuit court of Winnebago County. People v. Patterson, 2nd. Dist., No. 2-18-0079.

In April of 2020, I then filed a pro se Petition for Leave to Appeal in the Illinois Supreme Court. That petition was ultimately denied on September 30, 2020.
People v. Patterson, 125936.

7. cont.
←

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

15. Do you have any petition or appeal now pending in any federal court, as to the judgment under attack?

        Yes ( )        No (X)

(A) If yes, state the name of the court and the nature of the proceeding.
N/A

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing: Public Defender's Office - of Winnebago County

(B) At arraignment and plea: Attorney Michael Combs

(C) At trial: Attorney Michael Combs

(D) At sentencing: Attorney Edward Light

(E) On appeal: The Office of the State Appellate Defender

(F) In any post-conviction proceedings: (pro se)

(G) On appeal from any adverse ruling in a post-conviction proceeding: (pro se)

17. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

        Yes ( )        No (X)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

18. Do you have any future sentence to serve after you complete the sentence imposed by judgment under attack?

        Yes ( )        No (✗)

(A) If **YES,** give the name and location of the court which imposed sentence to be served in the future:

    N/A

(B) And give the date and length of sentence to be served in the future

    N/A

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

_N/A_
Signature of Attorney (if any)

_Cowarna Patterson_
Signature of Petitioner

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on _Nov. 16, 2020_
                (Date)

_Cowarna Patterson_
(Signature of Petitioner)

_Cowarna L. Patterson, R39845_
(Mailing Address for Petitioner)
_P.O. Box 1000_
_Lincoln, Illinois, 62656_

9

Revised: 06/04/15

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**I declare under penalty of perjury that the above information is true and correct. I understand that 28 U.S.C. § 1915(e)(2)(A) states that the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue.**

Date: Nov. 16, 2020          _Cowarna L. Patterson_
                              Signature of Applicant

                              _Cowarna L. Patterson_
                              (Print Name)

---

**NOTICE TO PRISONERS**: In addition to the Certificate below, a prisoner must also attach a print-out from the institution(s) where he or she has been in custody during the last six months showing all receipts, expenditures and balances in the prisoner's prison or jail trust fund accounts during that period. Because the law requires information as to such accounts covering a full six months before you have filed your lawsuit, you must attach a sheet covering transactions in your own account – prepared by each institution where you have been in custody during that six-month period. As already stated, you must also have the Certificate below completed by an authorized officer at each institution.

## CERTIFICATE
### (Incarcerated applicants only)
### (To be completed by the institution of incarceration)

I certify that the applicant named herein, Patterson, Cowarna, I.D.# R39845, has the sum of $ 1.91 on account to his/her credit at (name of institution) Logan Correctional Center. I further certify that the applicant has the following securities to his/her credit: NONE. I further certify that during the past six months the applicant's average monthly deposit was $ 52.50. (Add all deposits from all sources and then divide by number of months).

11/2/20                          _Sarah Dorsey_
Date                             Signature of Authorized Officer

SARAH DORSEY    TA- Account Tech 2
(Print Name)



TRUST FUND
NOV 2020
RECEIVED

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 08/23/2018

(Re: *Petition for Writ of Habeas Corpus*)

IN THE

United States District Court
Northern District of Illinois

Cowarna L. Patterson )
Plaintiff/Petitioner )
)
Vs. ) No. _____
)
Terri Kennedy )
Defendant/Respondent )

## NOTICE OF FILING / PROOF OF SERVICE

TO: Clerk of the U.S. District Court
219 South Dearborn St., 20th Floor
Chicago, Illinois 60604
(original petition & 2 copies)

TO: _____

PLEASE TAKE NOTICE that on ___/___/___, I placed the attached or enclosed documents in the institutional mail at Logan Correctional Center properly addressed to the parties listed above for mailing through the United States Postal Service.

DATED: 11 / 16 / 2020

/s/ Cowarna L. Patterson
Name: Cowarna L. Patterson
IDOC #: R39845

Logan Correctional Center
1096 1350th Street
PO Box 1000
Lincoln, Illinois 62656

DEANNA A BIGGER
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
October 22, 2023

Subscribed and Sworn to Before me this
16th day of November, 2020

_____
Notary Public

Revised September 2009